SDNY/NYNY
98-CV-7161
Marrero

06-2070
King v. Livent, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS
COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF
OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN
WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL
APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE
SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY
ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT
HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE
AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE
SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF
THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT
DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 3rd day of April, two thousand and seven.

PRESENT:

    HON. GUIDO CALABRESI,
    HON. RICHARD C. WESLEY,
                *Circuit Judges,*
    HON. WILLIAM K. SESSIONS III,
                *District Judge.*\*

UNITED STATES COURT OF APPEALS
FILED
APR – 3 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

---

Dorian King, on behalf of himself and all others similarly situated and Diane King,

                            *Plaintiffs-Appellees,*

    -v.-                            No. 06-2070-cv

Garth H. Drabinsky and Myron I. Gottlieb,

---

    \* The Honorable William K. Sessions III, of the United States District Court for the
District of Vermont, sitting by designation.

-1-

Issued as Mandate:
        JUN 26 2007

*Defendants-Cross-Defendants-Appellants,*

Livent, Inc., Jerald M. Banks, Paine Webber, Furman Selz, CIBC Wood Gundy Securities, Inc., Livent Realty, Inc., Livent Capital, Inc., and Livent International, Inc.,

*Defendants,*

Maria Messina, Lynda Friendly, Christoper Craib, Diane J. Winkfein, D. Grant Malcolm and Tony Fiorino,

*Defendants-Cross-Defendants,*

Deloitte & Touche Chartered Accountants, Joseph L. Rotman, Daniel D. Brambilla, Martin Goldfarb, Thomas H. Lee, James A. Pattison and Scott Sperling,

*Defendants-Cross-Claimants,*

Gordon Eckstein,

*Consolidated-Cross-Defendant,*

Robert Topal and CIBC Oppenheimer,

*Consolidated-Defendant,*

H. Garfield Emerson and A. Alfred Taubman,

*Consolidated-Cross-Claimants-Defendants.*

---

For Plaintiffs-Appellees:                    Murielle J. Steven, Pomerantz Haudek Block Grossman & Gross LLP, New York, N.Y.

For Defendants-Cross-Defendants-Appellants:    Charles A. Stillman, Stillman, Friedman & Schectman, P.C., New York, N.Y.

    Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

---

This is an appeal from an April 4, 2006 Decision and Order of the United States District Court for the Southern District of New York (Marrero, *J.*), denying the motion of Defendants-Appellants Garth H. Drabinsky ("Drabinsky") and Myron I. Gottlieb ("Gottlieb") (together, "Defendants"), pursuant to Fed. R. Civ. P. 60(b)(2). *In re Livent, Inc. Noteholders Sec. Litig.*, 426 F. Supp. 2d 137 (S.D.N.Y. 2006). Defendants' motion sought to vacate the district court's thoughtful March 21, 2005 Decision and Order, which granted summary judgment to the Plaintiffs-Appellees. *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F. Supp. 2d 722 (S.D.N.Y. 2005). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Cas. Co. v. Key Pharms*, 75 F.3d 815, 824-25 (2d Cir. 1996) (per curiam). Drabinsky and Gottlieb have failed to make such a showing here. Although Defendants argue that "newly discovered" evidence, consisting of testimony and documents introduced in a Canadian criminal court proceeding, undermines the district court's earlier grant of summary judgment, this evidence does nothing to remedy Defendants' original failure to adduce any evidence at all of their supposed due diligence. *See King v. Livent*, 161 Fed. Appx. 116, 117 (2d Cir. 2005) (unpublished) ("Drabinsky and Gottlieb failed to establish the possibility of a due diligence defense, as no evidence tending towards due diligence was admissible."). Nor can we say that the new evidence adverted to by Drabinsky and Gottlieb could not have been found much earlier had Defendants exercised reasonable efforts. As such,

1   the district court cannot be said to have abused its discretion in denying their Rule 60(b)(2)

2   motion.

3        Having carefully considered Defendants' arguments, we find them to be without merit.

4   Accordingly, we AFFIRM the judgment of the district court, and the pending motion is DENIED

5   as moot.

6

7
8                              FOR THE COURT:
9
10                             Thomas Agreen, Acting Clerk
11
12                             By: *Lucille Carr*
13

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK

-4-